**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THERESA GRELA, MICHAEL JACKSON, LAUREN HUFFMAN, and NICHOLE HOLLAND, individually and on behalf of all others similarly situated | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:22-cv-00806 |
| v. | ) ) | |
| LM GENERAL INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, and LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendants, | ) | |

**AMENDED NOTICE OF REMOVAL**

Defendants LM General Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Mutual Personal Insurance Company (collectively, "LM Defendants"), by their attorneys Saul Ewing Arnstein & Lehr LLP, hereby give notice of the removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. This Notice of Removal is based upon the original jurisdiction of this Court over the parties under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). In support thereof, LM Defendants state as follows:

**Background**

1. On July 13, 2020, Plaintiff Theresa Grela ("Plaintiff Grela") filed a Class Action Complaint in the Circuit Court of Cook County, Illinois – Chancery Division, Case Number 20

1

CH 4911. A copy of Plaintiff Grela's Class Action Complaint and Summons is attached as <u>Exhibit A</u>.

2. Plaintiff Grela's Complaint alleges that she is the named insured under a LM General Insurance Company ("LM General") automobile insurance policy which requires payment of the Actual Cash Value ("ACV") when an insured suffers a total loss of his or her insured vehicle. (Compl. ¶ 1.) According to Plaintiff Grela, LM General "systematically underpaid" its insureds when it "failed to pay the amounts it owed its insureds for ACV losses." (Compl. ¶ 2.) Plaintiff Grela asserts that LM General underpays insureds when it does not include sales tax and vehicle title transfer and vehicle registration transfer fees in its claim settlement payments. (Compl. ¶ 3.) Plaintiff Grela alleges that these fees are mandatory automobile replacement costs under Illinois law. (*Id.*)

3. Plaintiff Grela's single-count Complaint against LM General alleged that this conduct materially breached her LM General automobile insurance policy as well as the insurance policies of the putative class members. (Compl. ¶ 60.)

4. Plaintiff Grela purports to represent a class of similarly situated LM General insureds who suffered the total loss of a covered vehicle within ten years of the date this lawsuit was filed and were not paid sales tax and/or vehicle title transfer and vehicle registration fees. (Compl. ¶ 45.)

5. On March 3, 2021, Plaintiff Grela filed an Amended Complaint. A copy of Plaintiff Grela's Amended Class Action Complaint is attached as <u>Exhibit B</u>.

6. Plaintiff Grela's Amended Complaint alleged that LM General breached her LM General automobile insurance policy as well as the insurance policies of the putative class members by failing to pay sales tax as part of the claim settlement payments. (Am. Compl. ¶ 46.)

The Amended Complaint did not allege that LM General failed to pay vehicle title transfer and vehicle registration fees.

7. On January 24, 2022, Plaintiff Grela sought leave to file a Second Amended Class Action Complaint ("Sec. Am. Compl."), adding three new plaintiffs ("Plaintiffs") and two additional defendants, Liberty Mutual Fire Insurance Company ("Liberty Fire") and Liberty Mutual Personal Insurance Company ("LMPIC"). LM General did not oppose the filing of the Second Amended Class Action Complaint and Counsel for Liberty Fire and LMPIC agreed to accept service once the Second Amended Class Action Complaint was filed. A copy of counsel for Liberty Fire and LMPIC's email agreeing to accept service is attached as Exhibit C. The Circuit Court of Cook County granted Plaintiff Grela leave to file the Second Amended Class Action Complaint on February 3, 2022.

8. Plaintiffs subsequently filed and served their Second Amended Class Action Complaint on February 7, 2022. A copy of Plaintiff's Second Amended Class Action Complaint is attached as Exhibit D.

### Timeliness of Removal and Venue

9. This Notice of Removal has been timely filed within thirty days of Liberty Fire's and LMPIC's receipt of the Sec. Am. Compl. *See* 28 U.S.C. § 1446(b). The addition of Liberty Fire and LMPIC to this lawsuit re-opens the window for removal. *See Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 807 (7th Cir. 2005) ("Removal practice recognizes this point: an amendment to the pleadings that adds a claim under federal law (where only state claims had been framed before), or adds a new defendant, opens a new window of removal.").

10. LM General hereby consents to the removal of this case to the Northern District of Illinois.

11. The Circuit Court of Cook County, Illinois is located within the United States District Court for the Northern District of Illinois, Eastern Division. *See* 28 U.S.C. § 93(a)(1). Venue is therefore proper in this Court under 28 U.S.C. § 1441(a) because the Northern District of Illinois "embraces" the state court in which the removed action is pending.

## **Removal is Proper Pursuant to CAFA**

12. "A defendant has the right to remove a case from state to federal court when the federal court could exercise jurisdiction in the first instance." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006) (*citing* 28 U.S.C. § 1441(a)). This Court's jurisdiction is measured at the time of removal. *Id.*; *see also Twin City Fire Ins. Co. v. Law Office of John S. Xydakis, P.C.*, 407 F. Supp. 3d 771, 776 (N.D. Ill. 2019).

13. CAFA vests federal district courts with original jurisdiction over any case which is: (a) a putative class action; (b) with a proposed class of at least 100 members; (c) that satisfies minimal diversity requirements; and (d) presents an amount in controversy of at least five million dollars in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d); *see also Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676-77 (7th Cir. 2006). "CAFA was enacted to grant broad federal jurisdiction over class actions." *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012). Accordingly, CAFA should be read "broadly, with a strong preference that interstate class actions…be heard in federal court." *Hart*, 457 F.3d at 681.

14. This action satisfies all four requirements of CAFA and removal is therefore warranted. Specifically, Plaintiffs' lawsuit is a putative class action and the proposed class contains at least 100 members. Plaintiffs allege that the potential class contains "thousands of members." (Sec. Am. Compl. ¶ 63.) Furthermore, Plaintiffs' proposed class includes all LM Defendants'

insureds who suffered a total vehicle loss and whose claim settlement payments did not include sales tax. (Sec. Am. Compl. ¶ 61.) This number exceeds 100 individuals. Based on the LM Defendants' preliminary review, Plaintiffs' proposed class contains roughly 14,000 claimants. Therefore, the first and second requirements for removal pursuant to CAFA are met.

15. In addition, minimal diversity is satisfied. Minimal diversity requires only that "at least one class member [be] diverse from at least one defendant." *Roppo*, 869 F.3d at 578. LMPIC is incorporated under the laws of New Hampshire and Liberty Fire is incorporated under the laws of Wisconsin. Both LMPIC and Liberty Fire have their corporate headquarters, and therefore their principal place of business, in Boston, Massachusetts. *See Metro. Life Ins. Co. v. Est. of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991) ("This court follows the "nerve center" approach to corporate citizenship: a corporation has a single principal place of business where its executive headquarters are located.") Therefore, LMPIC is a citizen of New Hampshire and Massachusetts and Liberty Fire is a citizen of Wisconsin and Massachusetts.[1] *See CCC Information Servs., Inc. v. American Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000) ("[A] corporation is deemed a citizen of the State in which it was incorporated and of the State where it has its principal place of business."). Plaintiffs allege that each Plaintiff is a citizen of the State of Illinois.[2] (Sec. Am. Compl. ¶¶ 7-10.) As Liberty Fire and LMPIC are not citizens of Illinois and Plaintiffs are citizens of Illinois, minimal diversity is met.[3] *See, e.g.*, *Roppo,* 869 F.3d 568 (finding minimal diversity satisfied when

---

[1] While Plaintiffs incorrectly allege that LMPIC and Liberty Fire's state of incorporation is Massachusetts, diversity still exists because LMPIC and Liberty Fire are not incorporated under Illinois law and Illinois is not their principal place of business. (See Sec. Am. Compl. ¶¶ 12, 13) (alleging that LMPIC and Liberty Fire are "incorporated in Massachusetts with [their] corporate home at 175 Berkley St. Boston, MA 02116.").

[2] Plaintiffs do not allege in the Sec. Am. Compl. that the other members of the proposed class are Illinois citizens and LM Defendants would contest any such allegation.

[3] Prior to the addition of Liberty Fire and LMPIC, minimal diversity was not satisfied because Plaintiff Grela is a citizen of Illinois and LM General is incorporated in Illinois. (Sec. Am. Compl. ¶¶ 7, 11.) The addition of these new defendants in Plaintiffs' Sec. Am. Compl. established minimal diversity.

putative class was defined as "all Illinois persons…" and the insurer defendant was a citizen of Connecticut).

16. Finally, the amount in controversy exceeds CAFA's requirement. To "determine whether the matter in controversy" exceeds five million dollars, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(2); *see also Roppo*, 869 F.3d at 581. A "good faith estimate" of the amount of damages is enough, as this burden is a "pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally *impossible* for the plaintiff to recover that much." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (citations omitted) (emphasis added).

17. Plaintiffs allege that the LM Defendants improperly remove sales tax when making total loss claim payments. (Sec. Am. Compl. ¶¶ 23, 32, 41, 50.) The LM Defendants conducted a preliminary review of their claims settlement data and by using the sales tax rates utilized in Plaintiff Jackson's valuation report (10.25%) and Plaintiff Huffman's valuation report (8.5%), (See Sec. Am. Compl. Exs. D, F), determined that the amount in controversy for each Defendant is as follows:

| Defendant | # of potential claimants | Estimated tax at issue |
|---|---|---|
| LM General | 8,316 | $7,932,476.58 |
| Liberty Fire | 2,437 | $1,744,129.48 |
| LMPIC | 3,578 | $3,938,979.38 |

18. Accordingly, the amount in controversy easily exceeds five million dollars and removal is appropriate.

**Conclusion**

19. As set forth above, this Court has original jurisdiction over this matter pursuant to CAFA. LM Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs; without conceding liability, fault, damages or that Plaintiffs have pled a claim upon which relief could be granted; and expressly preserving all defenses to the Second Amended Class Action Complaint, including that the matter is not appropriate for class resolution.

20. A copy of this Notice of Removal is being served upon all known counsel of record as required by law, and a notice of filing of this Notice of Removal is being filed with the Clerk of the Circuit Court of Cook County, Illinois simultaneously with this filing.

WHEREFORE, LM Defendants hereby give notice of the removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: March 4, 2022 Respectfully submitted,

/s/ *James A. Morsch*
James A. Morsch

James A. Morsch
SAUL EWING ARNSTEIN & LEHR LLP
161 North Clark Street, Suite 4200
Chicago, IL 60601
312.876.7100 P | 312-876-0288 F
jim.morsch@saul.com
casey.grabenstein@saul.com
stephanie.denker@saul.com
Attorneys for LM Defendants

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on March 4, 2022, he caused the foregoing **Amended Notice of Removal** to be filed electronically with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which sent electronic notification to all parties who have appeared and are registered as CM/ECF participants in this matter.

/s/ Nicholas W. Collins

39622538.4

39622538.4